# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:01-cr-00073-FDW

| | |
|---|---|
| MOHAMMED ABDULAH HASSAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

THIS MATTER comes now before the Court upon Petitioner's Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 31). For the reasons stated below, Petitioner's Motion is DENIED.

Petitioner pleaded guilty on September 27, 2001, to bank larceny, assault with a deadly weapon during a bank robbery, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1), 2113(b), and 2113(d). On April 1, 2002, this Court entered judgment against Petitioner and sentenced him to a total of 121 months in prison. Defendant now comes before this Court requesting that it exercise its discretion to under 18 U.S.C. § 3582(c)(2) to lower his sentence based on Amendment 599 of the United States Sentencing Guidelines. Under this inquiry the Court retains the discretion, after considering any retroactive effect of Sentencing Guideline Amendments and the factors in 18 U.S.C. § 3553(a), to deny the § 3582(c)(2) motion.

Having considered Petitioner's case, Amendment 599, and the 18 U.S.C. § 3553(a) factors, the Court chooses not to exercise its discretion to reduce Petitioner's sentence. The Court is under no obligation to review the § 3553(a) factors on the record. United States v. Legree, 205 F.3d 724,

727-28 (4th Cir. 2000) (holding that such a "ritualistic incantation" is unnecessary). Rather, "[i]t is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." Id. (quoting United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995)); see also United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998) (stating that such a mandatory listing would change sentencing into a "hyper-technical exercise devoid of common sense," something Congress never intended). Finally, the Court need not hold a hearing when considering a § 3582(c) motion. Legree, 205 F.3d at 730.

Therefore, the Court considering a sentence reduction to be inappropriate in this case, Petitioner's Motion is DENIED

IT IS SO ORDERED.  Signed: October 29, 2007

Frank D. Whitney
United States District Judge